

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

June 14, 1939

Hon. William W. Allen
County Attorney
Lavaca County
Hallettsville, Texas

Dear Sir:

Opinion No. O-921
Re: County Clerk - fees of office -
extra services.

Your request for opinion upon the following questions:

"Are fees for services performed and collected for by a Clerk of the County Court, in a County having a population of 27,500, such services being outside of the scope and duties of his office, such as drawing up oil and gas mineral leases, preparing and copying field notes, writing deeds, contracts or other legal documents, making abstracts of title, and any other service performed and collected for by such County Clerk, where such services are outside of the scope of his duties of office, such fees as should be accounted for to the County or do such fees belong to the Clerk individually?

"If your answer is that such fees belong to the County Clerk individually, then would the situation be altered if such work as detailed above were performed with labor paid for by the County, and where bills were rendered to the recipients of such services on statement forms of such County Clerk?"

has been received by this department.

Hon. William W. Allen, June 14, 1939, Page 2

The Officer's Salary Law of the state of Texas is applicable to the county clerk of Lavaca County, Texas.

Section 5 of Article 3912e, Revised Civil Statutes of Texas provides that it shall be the duty of all officers to charge and collect in the manner authorized by law all fees and commissions which are permitted by law to be assessed and collected for all official services performed by them. As and when such fees are collected they shall be deposited in the Offiesr's Salary Fund, or funds provided in the act.

On August 2, 1934, this department held in an opinion by Hon. Julius F. Franki, Assistant Attorney General, that the county clerk may charge for services performed by request, not part of the duties of his office, provided that the services so rendered did not conflict with his official duties.

Opinion No. O-59 of this department holds that it is permissible for a county treasurer to accept compensation for services rendered beyond the duties of his office where the performance of such services called for is clearly not within the scope of his official duties of the office which he holds.

The drawing up of oil and gas mineral leases, writing deeds, contracts or legal documents, is outside of the scope of the duties of the county clerk. The making of abstracts of title is outside of the scope of the official duties of the county clerk. The preparing and copying of field notes may or may not be services within the scope of the duties of the office of the county clerk; the facts in each case will determine this question.

The county clerk has no authority to use county employees paid by the county to perform services outside of the scope of the duties of the office of county clerk. Labor paid for by the county should not be used by the clerk in the performance of activities outside of the scope of the duties of his office.

You are therefore respectfully advised that it is the opinion of this department that it is the duty of the county clerk to charge and collect in the manner authorized by law all fees and commissions which are permitted by law to be assessed and collected for all official services performed by him and that as and when such fees are collected they shall be deposited by the county clerk in the Officer's Salary Fund of the county, or funds provided in the salary act. You are further advised that it is the opinion of this department that a county clerk may charge and collect for services performed by request, which are not part of the duties of his office, provided that the services so rendered do not conflict, with his official duties and are not in violation of law. You are further respectfully advised that it is the opinion of this department that the county clerk has no authority to use the labor paid for by the county in the performance of activities of the clerk outside the scope of his official duties.

Trusting that this answers your inquiry, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

By                  Wm. J. Fanning

Wm. J. Fanning
Assistant

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN

WJF:AW

APPROVED:

ATTORNEY GENERAL OF TEXAS